AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

*FILED NOV - 4 2025 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

United States of America

v.

**TIMOTHY MULVEY**

*Defendant*

Case No. 25-mj-5202

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about September 21, 2025, in the Western District of New York, the defendant, **TIMOTHY MULVEY**, did knowingly and intentionally possess with intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Robert Aronson*
Complainant's signature

ROBERT ARONSON
Special Agent
Federal Bureau of Investigation
*Printed name and title*

Criminal Complaint submitted electronically by e-mail in .pdf format. Oath administered, and contents and signatures attested to me as true and accurate telephonically pursuant to Fed R. Crim. P. 4.1.

Date: November 4, 2025

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE    )  SS:
CITY OF BUFFALO   )

I, ROBERT ARONSON, Special Agent of the Federal Bureau of Investigation, United States Department of Justice, having been duly sworn, state as follows:

## INTRODUCTION & AGENT BACKGROUND

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice and have been so employed since February 2022. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2.  I am currently assigned to the Safe Streets Task Force where my responsibilities include investigating violent crimes, including but not limited to, kidnaping, bank robbery, drug trafficking, and the apprehension of violent fugitives. I work with other FBI and law enforcement agents who investigate how controlled substances are obtained, diluted, packaged, distributed, sold, and used within the Western District of New York's drug trafficking networks. Through my own investigations, I also learned how controlled substances are obtained, diluted, packaged, distributed, sold, used, and administered.

3. FBI Special Agents and other law enforcement personnel assigned to the Kenmore Police Department ("KPD") and the Drug Enforcement Administration ("DEA") conducted this investigation. My above-described training and investigative experience, in addition to the information obtained from witnesses and other law enforcement agents, is the basis for the facts, inferences, opinions, and conclusions set forth herein. This affidavit is merely intended to demonstrate that there is sufficient probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter.

4. This affidavit is submitted in support of a criminal complaint charging **TIMOTHY MULVEY**, with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (possession with intent to distribute 5 grams or more of methamphetamine).

## BACKGROUND

5. On July 28, 2022, in the District Court for the Western District of New York, **MULVEY** was convicted of two counts of Aggravated Bank Robbery in violation of Title 18, United States Code, Sections 2113(a) and 2113(d)) and sentenced to seventy-seven (77) months of imprisonment followed by three (3) years of supervised release. *See* Case No. 19-CR-144-A.

6. On February 28, 2025, **MULVEY's** term of supervised released commenced under the direction of the United States Probation Office for the Western District of New York. **MULVEY's** conditions of supervised release included, among other things, substance abuse testing/treatment for which he submits urine samples and notifying probation of any prescribed opiate-based pain medication.

## PROBABLE CAUSE

7. On September 21, 2025, at approximately 2:20 p.m., in the vicinity of 2355 Elmwood Avenue, Buffalo, New York, a KPD police officer observed a gray Dodge Durango (hereinafter "Durango") with heavily tinted side-windows traveling along a public roadway. Based upon the heavy window tint, the KPD officer initiated a traffic stop and the Durango pulled into a lot on Elmwood Avenue.

8. Upon approach, the officer encountered the vehicle's sole occupant in the driver's seat, who identified himself as **TIMOTHY MULVEY**. During the interaction, **MULVEY** was unable to produce proof of insurance. Shortly thereafter, the officer confirmed via a records search that **MULVEY** was driving a vehicle without valid insurance or registration, in violation of New York State ("NYS") Vehicle and Traffic Law ("VTL") Sections 319 and 512, respectively.

9. As a result, the officer arrested **MULVEY** and advised that **MULVEY's** Durango would be seized and towed. The officer then issued a uniform appearance ticket to **MULVEY** with a return date of October 7, 2025, which charged the aforementioned NYS VTL violations.

10. Before leaving the scene, **MULVEY** stated, in sum and substance, that he did not want anyone going through his vehicle. **MULVEY** also stated that he was currently on probation and that he had a prior offense for "robbery."

11. Upon further investigation, the driver's side-window tint registered at thirteen (13) percent light transmittance, which is less than the statutorily permissible light transmittance, in violation of NYS VTL Section 375.

12. Pursuant to an inventory search of **MULVEY's** Durango, KPD officers recovered and seized, among other things:

   a. One (1) bag of yellow liquid, suspected to be urine;
   b. One (1) two hundred (200) milligram vial labeled "Equipoise," suspected to be an anabolic steroid;
   c. One (1) shoulder bag;
   d. One (1) Ziplock plastic bag containing a rock-like, crystalline substance, suspected to be methamphetamine (pictured below);
   e. A white powdery substance, suspected to be cocaine;
   f. Two (2) scales;
   g. Approximately one hundred (100) pills of suspected Alprazolam;
   h. Approximately forty-two (42) pills of an undetermined substance;
   i. One (1) cellular device
   j. One (1) empty pill container;
   k. One (1) Dodge car key;

l.  One (1) credit card;

m. One (1) black spring knife;

n.  One (1) letter; and

o.  Plastic baggies.



13.    Later that day, officers arrested MULVEY for the possession of the above-described items, in violation of NYS Penal Law Section 220.

5

14. The aforementioned drug evidence was submitted to the DEA Northeast Laboratory ("DEA Lab"). On October 24, 2025, the DEA Lab returned a chemical analysis report related to the submitted suspected methamphetamine evidence (listed above in paragraph 11(d)). The DEA Lab determined the evidence consisted of methamphetamine, a Schedule II controlled substance, with a purity of 95 percent and a pure substance amount of 46.5 grams.

15. Based on my training and experience, your affiant believes that **MULVEY** was engaged in the sale and distribution of narcotics. Your affiant believes that the quantity of methamphetamine coupled with the presence of packaging materials and scales is consistent with resale and distribution—not personal use. Notably, the absence of paraphernalia that would facilitate its consumption (e.g., spoons, foils, glass pipes), further supports the that the seized methamphetamine was intended for distribution.

16. Although only the methamphetamine has been laboratory confirmed, the totality of the evidence—including the variety of drugs, scales, and packaging material—is further evidence of intent to distribute methamphetamine. In my experience, drug traffickers frequently diversify and possess multiple types of controlled substances at one time to appeal to a broader customer base.

17. WHEREFORE, based on the foregoing, there is probable cause to believe that **TIMOTHY MULVEY** violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (possession of 5 grams or more of methamphetamine).

*Robert Aronson*
ROBERT ARONSON
Special Agent
Federal Bureau of Investigation

Affidavit submitted electronically by e-mail in .pdf format. Oath administered, and contents and signatures attested to me as true and accurate telephonically pursuant to Fed R. Crim. P. 4.1, this 4th day of November, 2025.

HONORABLE .MICHAEL J. ROEMER
United States Magistrate Judge